THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES W. PATCH, Defendant-Appellant.

(No. 71-372;

Second District—October 30, 1972.

*Supplemental opinion upon rehearing February 16, 1973.*

William J. Sturgeon, Public Defender, of Dixon, for appellant.

Albert N. Kennedy, State's Attorney, of Dixon, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On September 29, 1947, the defendant, Charles W. Patch, was adjudged a criminal sexual psychopathic person by the circuit court of Lee County and committed to the Department of Public Safety pursuant to the provisions of the old Illinois Sexual Psychopath Act. On February 21, 1966, Patch was given a conditional release under Section 105—9 of the present Sexually Dangerous Persons Act (Ill. Rev. Stat. 1965, ch. 38, par. 105—9), after a jury had determined that he no longer appeared to be a sexually dangerous person. The order for his release contained the following conditions:

> "It is therefore ordered that the petitioner, Charles W. Patch, be and he is permitted to go at large subject, however, to supervision by the Director of the Department of Public Safety of the State of Illinois for a period of five years from the date of this order, upon the following conditions:
> 1. He shall not associate with any persons who have been convicted of felonies.
> 2. He shall not associate with any persons whom the Director from time to time instructs him to avoid.
> 3. He shall regularly attend services at a church of his own choice.
> 4. He shall be affiliated with and regularly attend meetings of the organization known as Alcoholic Anonymous.
> 5. He shall be in his place of residence not later than 11:00 P.M. each night and shall remain there until 6:00 A.M. the following morning unless permitted by the Director to leave such place of residence during those hours.
> 6. He shall not reside or be employed in Lee County, Illinois."

The order provided further that Patch could be confined for an additional period not to exceed 30 days and he was released from confinement on March 11, 1966.

On March 14, 1966, Patch was charged with the offense of deviate sexual assault in Jackson County for an incident that occurred at approximately 12:45 A.M. on March 12 or about 12 hours after his conditional release. Patch was ultimately indicted in Jackson County for the charge, pleaded guilty on January 9, 1967, and was sentenced to the penitentiary for a term of 5 to 10 years. Patch has been incarcerated since that time.

On July 30, 1971, the State's Attorney of Lee County filed a petition for revocation of the order of conditional release and for the recommitment of Patch pursuant to the original adjudication that he was a criminal sexual psychopath. The public defender was appointed to represent Patch and he moved to strike the petition on the grounds that it did not state that the defendant had violated any of the terms of the conditional release.

After a brief hearing on August 10, the trial court denied the motions of the defendant to strike and to dismiss the petition, denied the prayer for revocation of the conditional release contained in the petition but granted the prayer for recommitment. In a memorandum filed by the court, it was indicated that the revocation was denied because the 5-year term of the conditional release had expired. The court held that the conduct of Patch within 24 hours of his release established that he had not recovered, despite the determination of the jury to the contrary, and that he was still a criminal sexual psychopathic person at the time of his conditional release.

■■ The defendant contends that his recommitment without further psychiatric evidence that he was a sexually dangerous person was error. Section 4 of the Act (Ill. Rev. Stat. 1969, ch. 38, par. 105—4), provides for the examination of the person by two qualified psychiatrists "to ascertain whether such person is sexually dangerous * * *" after the original petition has been filed. However, the Supreme Court has recently held that it is not necessary to offer additional psychiatric evidence in a proceeding to revoke a conditional release and recommit the person under the original commitment. (*People v. Studdard*, 51 Ill.2d 190, 194, 281 N.E.2d 678, 680.) The same case also refutes the argument of the defendant that he had a constitutional right to a trial by jury at the revocation hearing. The Act provides in section 5 (Ill. Rev. Stat. 1969, ch. 38, par. 105—5), that the respondent has "* * * the right to demand a trial by jury * * *." In *Studdard*, the court held that due process of law does not require that "* * * the safeguards and procedural requirements surrounding the waiver of a defendant's right to jury trial in a criminal case be followed in a proceeding under the Sexually Danger-

ous Person Act." The court concluded that the right to trial by jury was one that must be asserted by demand as in a civil case. *People v. Studdard, supra.*

■■ Since Patch did not assert such a demand at his recommitment hearing, his right to a jury was waived.

Section 9 of the Act provides as follows:

> "105—9. Application Showing Recovery-Hearing-Discharge
>
> An application in writing setting forth facts showing that such sexually dangerous person or criminal sexual psychopatic person has recovered may be filed before the committing court. Upon receipt thereof, the clerk of the court shall cause a copy of the application to be sent to the Director of the Department of Corrections. The Director shall then cause to be prepared and sent to the court a socio-psychiatric report concerning the applicant. The report shall be prepared by the psychiatrist, sociologist, psychologist and warden of, or assigned to, the institution where such applicant is confined. The court shall set a date for the hearing upon such application and shall consider the report so prepared under the direction of the Director of the Department of Corrections and any other relevant information submitted by or on behalf of such applicant. If the patient is found to have recovered the court shall order that he be discharged. If the court finds that the patient appears no longer to be sexually dangerous but that it is impossible to determine with certainty under conditions of institutional care that such person has fully recovered, the court shall enter an order permitting such person to go at large subject to such conditions and such supervision by the Director as in the opinion of the court will adequately protect the public. In the event the person violates any of the conditions of such order, the court shall revoke such conditional release and recommit the person under the terms of the original commitment. Upon an order of discharge every outstanding information and indictment, the basis of which was the reason for the present detention, shall be quashed."

■■ The defendant contends that the petition to revoke his conditional release was fatally defective since it did not allege any violation of the conditions provided in his release order. We do not agree, however, that a conditional release pursuant to Section 9 can only be revoked for a violation of a specific condition expressed in the order. It is implicit, in any reasonable interpretation of the Act, that a conditional release could be revoked if the person adjudged sexually dangerous committed an additional sex offense during the period of his release.

■■ The Act contains no procedure for an absolute discharge after a

conditional release has been granted. The order conditionally releasing Patch in 1966, as we have seen, permitted him to go at large for 5 years subject to certain conditions. It did not provide for an automatic discharge at the end of the 5-year period. Although there are no reported cases on point, we agree with the state that it is necessary to obtain a further order of absolute discharge after a conditional release unless the order itself provides otherwise. However, this is not to say that a conditional release can be extended indefinitely and subject a person to the relatively summary procedure of a revocation proceeding.

Although we conclude that Patch was not automatically discharged at the expiration of the time period in his conditional release, we do not believe that his recommitment for the conviction in Jackson County was proper. Section 3 of the Act provides that the State's Attorney *may* proceed with a petition brought under the Act where a person has been charged with a criminal offense and it appears that such person is sexually dangerous as defined in the Act. (Ill. Rev. Stat. 1969, ch. 38, par. 105—3.) Section 9 provides that the criminal charge be quashed upon entry of an order that the person has recovered and is discharged.

■■ The decision to prosecute an accused for the criminal offense or to seek his commitment as sexually dangerous is within the discretion of the prosecution. The State cannot first obtain a conviction for a criminal offense and then proceed to commit the accused as sexually dangerous for the same incident. *People v. Redlich*, 402 Ill. 270, 276.

It is obvious that the State could have proceeded against Patch in 1966 by way of a revocation petition and sought his recommitment. Instead, he was prosecuted, convicted and jailed for the criminal offense.

■■ We are of the opinion that a person cannot be committed as sexually dangerous, or recommitted after a conditional release, on the basis of the same act for which he has been convicted in a criminal prosecution. Accordingly, the order of recommitment entered by the trial court is reversed and this cause is remanded to the trial court with directions to hold a hearing to determine whether the defendant is a criminal sexual psychopath.

Reversed and remanded with directions.

SEIDENFELD, P. J., and GUILD, J., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE ABRAHAMSON delivered the supplemental opinion of the court:

The court granted the Petition for Rehearing in this case and ordered briefs submitted. Both the State and the Defendant-Appellant agree that

the proper procedure in this case is governed by ch. 108, sec. 112. Ill. Rev. Stat. 1971, ch. 108, sec. 112. .

In lieu of remanding this case with directions to hold a hearing to determine whether the defendant is a criminal sexual psychopath, the case is hereby reversed without remand.

Reversed.

SEIDENFELD, P. J., and GUILD, J., concur.