THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. STEVE DINWIDDIE, Respondent-Appellant.

Fifth District   No. 5—98—0310

Opinion filed July 8, 1999.

Michael D. McHaney, of Mt. Vernon, for appellant.

Gary Duncan, State's Attorney, of Mt. Vernon (Norbert J. Goetten, Stephen E. Norris, and Kevin Sweeney, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

On July 22, 1997, the State filed a petition alleging that the respondent, Steve Dinwiddie, was a sexually dangerous person pursuant to the Sexually Dangerous Persons Act (725 ILCS 205/0.01 *et seq.* (West 1996)). A jury found respondent to be a sexually dangerous person, and the trial court ordered respondent committed. Respondent's appeal alleges that (1) the trial court erred on certain evidentiary rulings, (2) he was not proved a sexually dangerous person beyond a reasonable doubt, and (3) he was denied the effective assistance of counsel. For the following reasons, we affirm.

Respondent first asserts that the trial court erred in applying the hearsay exceptions found in section 115—10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—10 (West 1996)) to a proceeding under the Sexually Dangerous Persons Act (the Act). The State called respondent's former wife, Karen Warfield, to testify to statements made to her by her daughter, C.M., about respondent's sexual abuse of C.M. The trial court allowed the testimony over respondent's objection.

Section 115—10 of the Code provides hearsay exceptions for sexual acts performed on a child under the age of 13. 725 ILCS 5/115—10 (West 1996). Respondent contends that recognizing the hearsay exception in this case was error because section 115—10 does not specifically list a prosecution under the Act as one of the prosecutions to which it applies. A plain reading of section 115—10 reveals that the hearsay exception it provides is not limited to the offenses it lists.

■ Proceedings under the Act are civil in nature. 725 ILCS 205/ 3.01 (West 1996). However, at the trial that determines whether the person who is the subject of a petition under the Act is a sexually dangerous person all rules of evidence in criminal actions apply. All constitutional rights available to a defendant in a criminal proceeding are available to the person. *People v. Bailey*, 265 Ill. App. 3d 758, 761-62, 639 N.E.2d 1314, 1315-16 (1994).

■ In an initial commitment proceeding, the underlying criminal charge is an element in the determination of dangerousness. *People v. Galba*, 273 Ill. App. 3d 95, 100, 652 N.E.2d 400, 404 (1995). The underlying charge against respondent in this case was for predatory criminal sexual assault (720 ILCS 5/12—14.1 (West Supp. 1997)). A violation of section 12—14.1 is listed in section 115—10 as a violation to which the hearsay exception would apply. Therefore, if the State would have proceeded criminally against respondent, the evidence respondent complains of would have been properly admitted. Affording respondent the same protections that would be available to him in a criminal prosecution, we see no reason why the testimony should not be admissible in the civil commitment case arising out of that charge. The trial court did not err by allowing Karen Warfield to testify as to C.M.'s out-of-court statements.

However, section 115—10 is not the only vehicle for the admission of Warfield's testimony. Section 8—2601 of the Code of Civil Procedure allows the admission of such evidence in any civil proceeding in which the sexual abuse of a child under the age of 13 is at issue when the court conducts a hearing outside the presence of the jury and finds the statement to be reliable and the child either testifies at the proceeding or is unavailable as a witness. 735 ILCS 5/8—2601 (West 1996). In this case, the trial court conducted a hearing outside the presence of the jury, it determined the child's statement to be reliable, and the child testified at the proceeding. Therefore, the evidence was properly admitted under section 8—2601.

Additionally, even assuming that the admission of such evidence was error, we hold that it was harmless as a matter of law. The victim herself testified to the abuse and was subject to cross-examination. Her testimony was corroborated by medical testimony confirming sexual abuse, and respondent's identity was not an issue. See *People v. Mitchell*, 215 Ill. App. 3d 849, 860, 576 N.E.2d 78, 84-85 (1991).

Respondent also contends that the trial court's exclusion of all persons except the media during C.M.'s testimony constituted reversible error. At trial, the State requested a rule on witnesses pursuant to section 115—11 of the Code (725 ILCS 5/115—11 (West 1996)). That section provides that in certain criminal prosecutions, while a minor

victim of sexual abuse is testifying, the trial court may exclude all persons, except the media, who do not have a direct interest in the case. 725 ILCS 5/115—11 (West 1996).

■ As stated before, even though a proceeding under the Act is civil in nature, a respondent must be accorded the essential protections available in a criminal trial, due to the potential loss of liberty attendant to proceedings under the Act. *People v. Bailey*, 265 Ill. App. 3d 758, 761, 639 N.E.2d 1313, 1316 (1994). Again, had the State decided to proceed against respondent criminally, the trial court could have properly excluded all persons who, in its opinion, did not have a direct interest in the case, except the media. The underlying criminal case is explicitly listed as a prosecution in which the court may exclude persons not directly interested in the proceedings. 725 ILCS 5/115—11 (West 1996). We, therefore, hold that the trial court did not err in excluding all noninterested parties, except the media, during the testimony of the minor witness. To hold otherwise would lead to absurd results.

The purpose of the Act is, in part, to give the respondent an opportunity to receive care and treatment designed to effect recovery for his propensity to commit sexual offenses. *People v. Galba*, 273 Ill. App. 3d 95, 100, 652 N.E.2d 400, 404 (1995). If the State is forced to proceed under the Act with no protections afforded its witnesses, the State will be more likely to proceed with a criminal action. The Act was passed because the legislature recognized that sexually dangerous persons need treatment, not jail time. Sending persons in need of treatment to the Department of Corrections would serve neither the interests of the State nor the interests of the sexually dangerous person.

■ Respondent's last evidentiary issue is that the trial court erroneously refused a jury instruction, Illinois Pattern Jury Instructions, Criminal, No. 3.11 (3d ed. 1992), regarding impeachment of a witness. Respondent has completely failed to demonstrate how this ruling constituted error, beyond the bald assertion that a witness was impeached by a prior inconsistent statement. A point raised but not argued or supported by citation to relevant authority fails to meet the requisites of Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) and, therefore, is deemed waived. *In re Marriage of Auriemma*, 271 Ill. App. 3d 68, 72, 648 N.E.2d 118, 121 (1994). The appellate court is not a depository into which the appellant may dump the burden of argument and research. *In re Estate of Thorp*, 282 Ill. App. 3d 612, 616, 669 N.E.2d 359, 362 (1996). By failing to cite any relevant authority, respondent has waived this issue.

■ Respondent also asserts that he was not proved a sexually dangerous person beyond a reasonable doubt. A jury's finding that a

respondent is a sexually dangerous person will be upheld on appeal unless the evidence is so improbable as to raise a reasonable doubt. *People v. Allen*, 107 Ill. 2d 91, 106, 481 N.E.2d 690, 697 (1985); *aff'd*, 478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988 (1986). Respondent contends that he could not have been found sexually dangerous beyond a reasonable doubt because Dr. Larry Davis, a psychiatrist, testified that respondent was not a "dedicated pedophile" and in his opinion the Act only applies to "dedicated pedophiles." Further, respondent asserts that the testimony of the other psychiatrist, Dr. Parwatikar, was biased because he had concluded that respondent was a sexually dangerous person 10 years earlier.

We reject both of these arguments. First, as acknowledged by respondent, the jury was free to believe one psychiatrist over the other. *People v. Antoine*, 286 Ill. App. 3d 920, 926, 676 N.E.2d 1374, 1378 (1997). Second, the Act does not apply only to "dedicated pedophiles", but it applies to "All persons suffering from a mental disorder[ ] which *** has existed for a period of not less than one year ***, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children ***." 725 ILCS 205/1.01 (West 1996). In light of the fact that Dr. Davis admitted that he had no data concerning respondent's past acts of sexual abuse other than what respondent told him, and the fact that Dr. Davis confined his ultimate opinion to the narrow definition of a "dedicated pedophile," the jury had sufficient reason to find that Dr. Parwatikar's testimony was more reliable. Respondent in no way demonstrated that Dr. Parwatikar was partial or unfair.

Additionally, the evidence presented to the jury showed that in 1979, respondent pled guilty to a charge of contributing to the sexual delinquency of a minor. In 1985, respondent was convicted of felony cruelty to a child, R.W. Testimony of R.W. in this case revealed that when she was 14, respondent grabbed her, fondled her breast, and choked her in an effort to force her down on a bed. In 1986, respondent sexually molested R.W.'s 10-year-old sister, P.L. In 1988, respondent was convicted of the aggravated criminal sexual abuse of L.T. and L.T.T., sisters aged nine and six, respectively. In 1996, respondent was charged with predatory criminal sexual assault on eight-year-old C.M., the underlying charge for the proceeding *sub judice*. C.M. testified that respondent had touched her in her private area with his fingers on four occasions.

A thorough review of the record, including the testimony of L.T., P.L., R.W., C.M., and Dr. Parwatikar, establishes that there was sufficient evidence to find that respondent is a sexually dangerous person beyond a reasonable doubt.

Finally, respondent argues that he was denied the effective assistance of counsel. Specifically, respondent argues that he was denied the effective assistance of counsel because (1) his attorney referred to him as "defendant" on six separate occasions and misspoke on another occasion, (2) his attorney did not obtain the exclusion of the testimony of Dr. Parwatikar, and (3) his attorney failed to subpoena Officer Greenwood.

■ In a proceeding under the Act, a respondent is entitled to the effective assistance of counsel under the same standard as in criminal cases. *People v. Bailey*, 265 Ill. App. 3d 758, 762, 639 N.E.2d 1313, 1317 (1994). In order for respondent to prevail on a claim of ineffective assistance of counsel, his attorney's performance must have been deficient or below an objective standard of reasonableness and there must be a reasonable probability that the result of the proceeding would have been different but for the attorney's errors. *Bailey*, 265 Ill. App. 3d at 763-64, 639 N.E.2d at 1317. On review, we must evaluate counsel's performance considering all of the circumstances that occurred during counsel's representation. *Bailey*, 265 Ill. App. 3d at 764, 639 N.E.2d at 1317.

■ Respondent claims that counsel's use of the word "defendant" as opposed to "respondent" and a misspoken question to a defense witness, in which counsel asked a doctor if he was licensed to practice law, demonstrates that counsel was just going through the motions. We do not find a reasonable probability that there would have been a different outcome absent these mistakes. First, Dr. Davis immediately corrected counsel's error in his answer. Second, the jury was informed that respondent had four previous felony convictions. We find any distinction between the terms "respondent" and "defendant" insignificant in the context of this case.

Respondent alleges that his attorney was ineffective for allowing the appointment of Dr. Parwatikar. The record shows that defense counsel recognized that Dr. Parwatikar often testified for the State, and counsel requested a continuance so he could choose the second psychiatrist. Defense counsel found Dr. Davis and was able to get him appointed to attempt to refute Dr. Parwatikar's diagnosis. Respondent has failed to show how his counsel's strategic maneuvering of psychiatric experts prejudiced him. We find that defense counsel's performance was not deficient.

Respondent also claims that defense counsel was ineffective for failing to bar Dr. Parwatikar's testimony about an examination he performed on respondent 10 years earlier. The record shows that defense counsel objected to the line of questioning and that the objection was argued outside the presence of the jury. We find no prejudice

here because the evidence was properly admitted. In a proceeding under the Act, the State must show that respondent has a mental disorder that has existed for a period not less than one year. 725 ILCS 205/1.01 (West 1996). Evidence that Dr. Parwatikar diagnosed respondent as a sexually dangerous person 10 years earlier, that respondent has failed to seek treatment, and that Dr. Parwatikar still believes that respondent has been, and still is, sexually dangerous is directly relevant to an ultimate issue in the commitment proceeding. Defense counsel was not ineffective for failing to obtain the exclusion of this testimony.

Finally, respondent contends that his counsel was ineffective for failing to subpoena Officer Greenwood, who took the written statement of C.M.'s mother, Karen Warfield. This argument must also fail. Defense counsel stated that he attempted to but could not locate Officer Greenwood, as he was no longer on the police force and had moved. Additionally, there is nothing in the record to show that Officer Greenwood would have testified favorably for the defense. See *People v. Greer*, 79 Ill. 2d 103, 123, 402 N.E.2d 203, 212-13 (1980).

We conclude that respondent did not receive ineffective assistance at his trial. Respondent has failed to show that counsel's performance was deficient and that he was prejudiced by his attorney's acts or omissions. We, therefore, affirm the committal of respondent.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.