NOTICE
Decision filed 03/30/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250057-U

NO. 5-25-0057

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 97-CF-66 |
| | ) | |
| STEVE DINWIDDIE, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Boie and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's dismissal of defendant's petition for relief from judgment, where the petition was untimely and defendant failed to show that the challenged judgment was based on a facially unconstitutional statute that was void *ab initio*.

¶ 2    Defendant, Steve Dinwiddie, appeals the Jefferson County circuit court's dismissal of his petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), arguing that the court erred by dismissing his petition as untimely. For the following reasons, we affirm.

¶ 3                                   I. BACKGROUND

¶ 4    On July 22, 1997, the State filed a petition alleging that defendant was a sexually dangerous person pursuant to the Sexually Dangerous Persons Act (SDPA) (725 ILCS 205/0.01 *et seq.* (West

1996)). A jury subsequently found defendant to be a sexually dangerous person, and the circuit court ordered him committed. This court affirmed defendant's commitment on direct appeal. *People v. Dinwiddie*, 306 Ill. App. 3d 294 (1999).

¶ 5 On September 18, 2024, following numerous unsuccessful recovery applications,[1] defendant filed a *pro se* section 2-1401 petition. Defendant alleged in the petition that the proceeding in which he was adjudged to be a sexually dangerous person violated his substantive due process rights. Specifically, defendant claimed that the circuit court failed "to exercise proper [j]urisdiction in this cause, where the original commitment did not comport with the minimal constitutional standard expressed by" the United States Supreme Court in *Kansas v. Hendricks*, 521 U.S. 346 (1997) and *Kansas v. Crane*, 534 U.S. 407 (2002), as well as the Illinois Supreme Court in *People v. Masterson*, 207 Ill. 2d 305 (2003).

¶ 6 On January 6, 2025, the State filed a motion to dismiss defendant's petition as untimely. The State alleged that the petition was not filed within two years after the entry of the challenged judgment and defendant failed to demonstrate that the judgment was void because the court lacked personal or subject matter jurisdiction or that the judgment was based on a facially unconstitutional statute that was void *ab initio*.

¶ 7 On January 28, 2025, the circuit court granted the State's motion to dismiss. Defendant filed a timely notice of appeal.

¶ 8                                    II. ANALYSIS

¶ 9 On appeal, defendant argues that the circuit court erred by dismissing his section 2-1401 petition. In response, the State argues that the court correctly dismissed defendant's section 2-1401

___

[1]A person who has been adjudicated sexually dangerous may file an application demonstrating that he or she has recovered and requesting release. 725 ILCS 205/9(a) (West 1996).

petition as untimely because the petition was filed more than 26 years after he was adjudged to be a sexually dangerous person and he failed to establish the void-judgment exception to the two-year limitations period. We agree with the State.

¶ 10   "We review *de novo* a section 2-1401 petition that was denied or dismissed on legal grounds." *People v. Abdullah*, 2019 IL 123492, ¶ 13 (citing *People v. Thompson*, 2015 IL 118151, ¶ 25). "Section 2-1401 of the Code constitutes a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *Thompson*, 2015 IL 118151, ¶ 28 (citing *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31). "Ordinarily, a petition seeking relief under section 2-1401 must be filed more than 30 days from entry of the final order but not more than 2 years after that entry." *Id.* (citing 735 ILCS 5/2-1401(c) (West 2010)). "An exception to the two-year limitations period, however, exists when the petition challenges a void judgment." *Abdullah*, 2019 IL 123492, ¶ 13 (citing *Thompson*, 2015 IL 118151, ¶ 29). "This court recognizes only two circumstances when a judgment will be deemed void: (1) when the judgment was entered by a court that lacked jurisdiction or (2) when the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *Id.* (citing *People v. Price*, 2016 IL 118613, ¶ 31).

¶ 11   Here, defendant's petition was filed more than 26 years after the entry of the judgment adjudicating him a sexually dangerous person and, thus, was filed well outside of the two-year limitations period set forth in section 2-1401. Defendant does not argue that the judgment was entered by a circuit court that lacked personal or subject matter jurisdiction. Accordingly, the first exception does not apply. Although it is less than clear from defendant's brief, it appears he is arguing that the judgment was based on a facially unconstitutional statute that was void *ab initio*.

¶ 12    Defendant argues that he is entitled to a hearing that complies with the requirements set forth in our supreme court's decision in *Masterson*, 207 Ill. 2d 305. Defendant maintains that "[o]nly because of the fixes the Illinois Supreme Court made in *Masterson* to account for *Hendricks* and *Crane*, did the April 30, 1993[,] Order and SDPA at the time in this case meet minimally constitutional standards."[2]

¶ 13    In *Masterson*, 207 Ill. 2d 305, our supreme court considered whether the SDPA in effect at that time complied with the requirements set forth in *Hendricks*, 521 U.S. 346, and *Crane*, 534 U.S. 407. In *Hendricks*, 521 U.S. at 358, the United States Supreme Court held that Kansas's civil commitment statute satisfied substantive due process requirements because it "coupled proof of dangerousness with proof of some additional factor, such as a 'mental illness' or 'mental abnormality' " as prerequisites for civil commitment. The United States Supreme Court noted that Kansas's civil commitment statute, like other similar statutes the Court had previously upheld, passed constitutional muster because the statute "require[d] a finding of future dangerousness, and then link[ed] that finding to the existence of a 'mental abnormality' or 'personality disorder' that [made] it difficult, if not impossible, for the person to control his dangerous behavior." *Id.*

¶ 14    The United States Supreme Court revisited *Hendricks* in *Crane*, noting that *Hendricks* "underscored the constitutional importance of distinguishing a dangerous sexual offender subject to civil commitment 'from other dangerous persons who are perhaps more properly dealt with through criminal proceedings' " through a "lack-of-control determination." *Crane*, 534 U.S. at

---

[2]Defendant's brief references the United States Supreme Court's decisions in in *Hendricks*, 521 U.S. 346 and *Crane*, 534 U.S. 407, stating that "*Hendricks* addressed Sexual Civil Commitment Statutes and the Constitutional standards therefore" and *Crane* "further clarified *Hendricks*." Defendant does not specify the "standards" set forth in these cases, nor does he explain how these cases support his claim that the SDPA was void *ab initio*. We remind defendant that "a reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56.

412-13 (quoting *Hendricks*, 521 U.S. at 360). The United States Supreme Court explained that *Hendricks* required a finding that the offender's mental condition makes him likely to reoffend because he or she has difficulty controlling himself. *Id.* at 411.

¶ 15    In *Masterson*, our supreme court concluded that the SDPA in effect at that time met the "minimal constitutional standards as expressed in *Hendricks*." *Masterson*, 207 Ill. 2d at 328. Despite "holding that the SDPA [met] minimal constitutional requirements under the *Hendricks* analysis, [our supreme court] [did] not [say] that the statute [was] without certain significant ambiguities that impact[ed] its compliance with the [United States Supreme] Court's [more] recent pronouncement in *Crane*." *Id.* Our supreme court noted that "the SDPA, unlike similar statutes in other states and our own [Sexually Violent Persons Commitment Act], [did] not *specifically* address volitional capacity, it fail[ed] to define the term 'mental disorder' and it [did] not provide an explicit standard for gauging the probability or likelihood that the subject of the proceeding will commit sexual offenses in the future." (Emphasis in original.) *Id.* at 328-29. Accordingly, our supreme court construed the SDPA to implicitly incorporate the Sexually Violent Persons Commitment Act's (725 ILCS 207/1 *et seq.* (West 2000)) terminology, concluding that "a finding of sexual dangerousness premised upon the elements of section 1.01 of the SDPA (725 ILCS 205/1.01 (West 2000)) must hereafter be accompanied by an explicit finding that it is 'substantially probable' the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." *Masterson*, 207 Ill. 2d at 330.

¶ 16    Defendant's argument, as set forth in his brief, fails to demonstrate that the challenged judgment was based on a statute that was facially unconstitutional and void *ab initio*. Defendant makes no argument that our supreme court's decision in *Masterson* held that the SDPA was facially unconstitutional and void *ab initio*. He also makes no argument that the United States

5

Supreme Court's decisions in *Hendricks*, 521 U.S. 346 and *Crane*, 534 U.S. 407 demonstrated that the SDPA was facially unconstitutional and void *ab initio*. Accordingly, he has failed to establish that his claim is exempt from the procedural bars of section 2-1401.

¶ 17    Moreover, our supreme court has clarified that it "limited the rule announced in [*Masterson*] to prospective application." *People v. Lawton*, 212 Ill. 2d 285, 305 (2004) (citing *Masterson*, 207 Ill. 2d at 330 ("a finding of sexual dangerousness premised upon the elements of section 1.01 of the SDPA [citation] must *hereafter* be accompanied by an explicit finding that it is 'substantially probable' the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." (Emphasis added)). Accordingly, our supreme court concluded that *Masterson* was inapplicable to the case before it, which involved an appeal from a ruling on a section 2-1401 petition filed by a sexually dangerous person. *Id.* For this additional reason, the circuit court did not err by dismissing defendant's section 2-1401 petition. See *U.S. Bank, National Ass'n v. Laskowski*, 2019 IL App (1st) 181627, ¶ 15 ("When the trial court dismisses a petition we review the trial court's judgment, not its rationale, and may affirm for any reason supported by the record regardless of the reasons cited by the trial court.").

¶ 18                          III. CONCLUSION

¶ 19    For the foregoing reasons, we affirm the judgment of the circuit court dismissing defendant's section 2-1401 petition.


¶ 20    Affirmed.