**Harold Preston Potts, Appellant, v. The People of the State of Illinois, Appellee.**

**Gen. No. 66–68.**

Fifth District.

February 21, 1967.

Charles R. Jelliffee, of Harrisburg, for appellant.

No brief filed in behalf of appellee.

EBERSPACHER, J.

On April 27, 1965, the State's Attorney filed in the Circuit Court a petition stating that the defendant had been charged with the offense of indecent solicitation of a child in two counts; that defendant had a "long record of previous molestation of children" and had committed statutory rape in June of 1959, and was in August 1959 examined by a qualified psychiatrist who recommended that defendant have psychiatric care, and had been committed to the Director of Public Safety and kept in secure custody for a time. The petition further alleged that defendant needed "additional care under said director" and prayed that the court appoint qualified psychiatrists to examine defendant and file their report, and that the court hold a hearing on the petition to determine whether the defendant should be committed to the Director of Public Safety to be safely kept for care and treatment.

The court thereafter appointed counsel for defendant and appointed two doctors as a commission to examine the defendant; their joint report was filed on May 13, 1965. In it both expressed the opinion that defendant was a sexually dangerous person. Thereafter, on July 14, 1965, in a separate proceeding, defendant was indicted for attempt at indecent solicitation of a child.

A hearing was had on January 13, 1966, and at the hearing the defendant waived a jury trial, entered a plea of not guilty, and the hearing was held before the court without a jury. The court inquired as to whether

the State's Attorney had any evidence to present to which the State's Attorney answered, "nothing only the report of the psychiatrist" and inquired "if this is going to be only a preliminary hearing." The court advised that it was a hearing on the petition to determine if defendant was a sexually dangerous person. Over the objection of defendant's appointed counsel, the joint report of the doctors was admitted into evidence, and over objection of defendant the indictment returned on July 14, 1965, was also admitted into evidence. Both the petitioner and defendant rested, and the court adjudged defendant to be a sexually dangerous person, and ordered a mittimus to issue for delivery of defendant to the Menard Branch of the Illinois State Penitentiary. Thereupon the State's Attorney nollied the indictment.

In the hearing neither were any witnesses sworn nor did any person testify. The judgment and committing order recited that an information had been filed on the same date as the petition, and that defendant had been indicted on July 16, 1965, (almost 3 months after the petition was filed), and the petition recited that charges had been filed. No information or charges appear in the record and the filing of none is shown in the judge's docket entries in this cause.

The State's Attorney has not seen fit to file briefs or in any way participate in this appeal; and while we might be justified in considering his failure to perform his duty as a confession of each of the errors complained of, we consider the best interests of the public served by our scrutiny of the record. Such scrutiny convinces us that the State's Attorney spent approximately the same amount of time in the preparation and disposition of this case in the trial court, as he has in defending the proceedings in this court.

The Sexually Dangerous Persons Act (Ill Rev Stats, c 38, Article 105), is a part of the Code of Criminal Procedure of 1963; proceedings under the Act

must be a part of a criminal proceeding. Section 3 of the Act provides that the petition is to be filed "in the same proceeding wherein such person stands charged with a criminal offense." Here the record shows this was an independent separate proceeding, at the most related to criminal charges by the recitations found in the petition and order, but not a part of any criminal proceeding. The fact that an indictment returned almost 3 months after the petition was filed, was offered in evidence, does not sufficiently relate the proceedings to a pending criminal charge, or make them a part of a criminal proceeding.

 When we consider the petition, in the light of its allegation to the effect that defendant had been released from the psychiatric care to which he had been committed in 1959, we can only presume that his release came in 1962, as no longer in need of mental treatment and that he was not then in need of mental treatment; and as a result, we do not find therein allegations tending to show defendant was a sexually dangerous person within the meaning of the Act. The fact that the petitioner alleged that defendant had a "long record" of molestation of children fails to meet the requirements of an allegation that for one year, immediately prior to the filing of the petition, defendant was suffering a mental illness with propensities to the commission of sex offenses. See section 1 of the Act.

 Although the proceedings under the Act are called civil in nature, since they may result in a deprivation of liberty and a defendant may be incarcerated in the penitentiary for psychiatric treatment, the courts have held the defendant must be accorded the essential protection available at a criminal trial. People v. Olmstead, 32 Ill2d 306, 205 NE2d 625; People v. Beshears, 65 Ill App2d 446, 213 NE2d 55. One of the essential protections available at a criminal trial is the constitutional requirement that the accused shall have the right to

appear and defend in person, and to meet the witnesses face to face. Constitution of Illinois, art II, § 9. People v. Nastasio, 19 Ill2d 524, 527, 168 NE2d 728.

■ Here no witness took the stand in support of the petition; there is nothing in the record to show that the court appointed physicians met the qualifications of sections 4 and 4.01 of the Act.[1] In People v. Olmstead, supra, the defendant was found to be a sexually dangerous person following the testimony at the trial of a qualified psychiatrist within the meaning of the Act. In that case only one of the two examining qualified psychiatrists testified at the trial and on appeal the defendant contended the evidence was insufficient since only one of the two psychiatrists appeared and testified. At page 312 the court stated as follows:

"The statute provides that two qualified psychiatrists shall be appointed to examine the defendant. This was done, and their reports filed in the cause. Both reports support the finding of the trial court and are a part of the court record. We find no requirement in the Act that both psychiatrists shall testify, and we feel that the testimony of one may provide a prima facie case in the absence of contradictory reports."

Obviously, the People have failed to make a prima facie case against the defendant.

---

[1] Ill Rev Stats, c 38, § 105–4 and § 105–4.1. Sec 4. "After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent."

Sec 4.1. " 'Qualified psychiatrist' means a reputable physician licensed in Illinois to practice medicine in all its branches, who has specialized in the diagnosis and treatment of mental and nervous disorders for a period of not less than 5 years."

This court appreciates the efforts of counsel appointed to perfect and present this appeal in this court, and commends such appointed counsel for the clarity and conciseness of an excellent brief and argument.

The order of the circuit court must be reversed and since there is no criminal proceeding pending which could serve as the basis for proper proceedings under the Sexually Dangerous Persons Act, no proper legal purpose would be served by remanding this cause. The judgment declaring the defendant a sexually dangerous person is reversed.

Reversed.

MORAN and GOLDENHERSH, JJ., concur.