THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE BONNER, Defendant-Appellant.

First District (2nd Division)   No. 1—03—2634

Opinion filed March 1, 2005.

Michael J. Pelletier and Jennifer Y. Wu, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HALL delivered the opinion of the court:

The defendant, Lawrence Bonner, a convicted sex offender, was charged with violating the Sex Offender Registration Act (the Act) (730 ILCS 150/1 *et seq.* (West 2000)). Following a stipulated bench trial, the defendant was found guilty and sentenced to one year of probation. The defendant appeals. The sole issue raised on appeal is whether, as applied to the defendant, the penalty provisions of the Act violate the proportionate penalties clause.

The underlying facts are undisputed. On September 27, 2000, the defendant was convicted of sexual exploitation of a child, a Class A

misdemeanor. 720 ILCS 5/11—9.1(a)(1), (c)(1) (West 2000).[1] As a result of his conviction for a sex offense, the defendant was required to register as a sex offender and to report any change of address. See 730 ILCS 150/3, 6 (West 2000). On April 4, 2002, the defendant was charged with failing to register as a sex offender.

Prior to trial, the defendant filed a motion to dismiss contending that the penalty portion of the Act was unconstitutional as applied to him because it made failing to register a Class 4 felony, while the offense the defendant was convicted of was a Class A misdemeanor. See 730 ILCS 150/10 (West 2000). Thus, the failing to register was punished more severely than the underlying offense. The trial court denied the motion to dismiss.

Based on the stipulated evidence that the defendant had failed to register in 2001 and 2002, the trial court found him guilty of violating the Act. The court sentenced the defendant to one year of probation and ordered him to participate in the probation department's mental health unit's program.

## ANALYSIS

The defendant contends that section 10 of the Act is unconstitutional as applied to him. "A holding that a statute is unconstitutional as applied does not broadly declare a statute unconstitutional but narrowly finds the statute unconstitutional under the specific facts of the case." *People v. Huddleston*, 212 Ill. 2d 107, 131, 816 N.E.2d 322 (2004).

### I. Standard of Review

"A statute is presumed constitutional, and the party challenging the statute bears the burden of demonstrating its invalidity." *People v. Malchow*, 193 Ill. 2d 413, 418, 739 N.E.2d 433 (2000) (court rejected numerous arguments attacking the constitutionality of the Act). "[The] court has a duty to construe a statute in a manner that upholds its validity and constitutionality if it can be reasonably done." *Malchow*, 193 Ill. 2d at 418. Whether a statute is constitutional is a question of law that the court reviews *de novo*. *Malchow*, 193 Ill. 2d at 418.[2]

### II. Discussion

Article I, section 11, of the Illinois Constitution, commonly known as the proportionate penalties clause, provides in pertinent part that

---

[1]The details of the offense are not contained in the record on appeal.

[2]In *Malchow*, the defendant had been convicted of a Class 2 felony. Therefore, the court did not reach the question raised in the present case because of a lack of standing. *Malchow*, 193 Ill. 2d at 425.

"[a]ll penalties shall be determined \*\*\* according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11. Three distinct tests are employed for making this determination. "First, a penalty violates the proportionate penalties clause if it is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community." *People v. Walden*, 199 Ill. 2d 392, 394, 769 N.E.2d 928 (2002). "Second, a penalty violates the proportionate penalties clause where similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more severely." *Walden*, 199 Ill. 2d at 394. "Third, the proportionate penalties clause is violated when identical offenses are given different sentences." *Walden*, 199 Ill. 2d at 394. The defendant's constitutional challenge is based on the second test. He argues that his failure to register under the Act is punished more severely than the sexual offense he committed.[3]

As in this case, where a comparison of different offenses is at issue, a penalty " 'violates the proportionate penalties clause where conduct that creates a less serious threat to the public health and safety than other conduct is punished more harshly.' " *People v. Davis*, 177 Ill. 2d 495, 502, 687 N.E.2d 24 (1997), quoting *People v. Hickman*, 163 Ill. 2d 250, 259, 644 N.E.2d 1147 (1994). In its analysis, the court must determine, first, if the purposes of the two offenses are distinct, and if so, then comparative proportionality review is not appropriate. *Davis*, 177 Ill. 2d at 506. If the purposes of the two offenses are related, the second inquiry is whether the offense with the harsher penalty is more serious than the other offense. *Davis*, 177 Ill. 2d at 506. In *Davis*, the court found that the penalty for violating the Firearm Owners Identification Card Act (430 ILCS 65/1 *et seq.* (West 1994)) (a nonprobationable felony) violated the proportionate penalties clause when compared with the penalty for the offense of unlawful use of a weapon by a felon (a probationable felony). *Davis*, 177 Ill. 2d at 507-08.

In *Malchow*, the supreme court reiterated that the legislative intent in requiring registration of sex offenders was to "create an additional measure of protection for children from the increasing incidence of sexual assault and child abuse." *Malchow*, 193 Ill. 2d at 420. Protection of the public, rather than punishing sex offenders and

---

[3]The defendant's argument is distinguishable from the argument raised in *People v. Grochocki*, 343 Ill. App. 3d 664, 796 N.E.2d 153 (2003). There the court rejected the argument that the Act was itself punishment and, thus, it could not violate the proportionate penalties clause. Here, the failure to register triggers a punishment.

child murderers, is the intent of the Act. *Malchow*, 193 Ill. 2d at 420; see also *People v. Adams*, 144 Ill. 2d 381, 581 N.E.2d 637 (1991) (upholding an earlier version of the Act).

The State maintains that the purposes of the Act and the sexual-exploitation-of-a-child statute are distinct. The State notes that in *Huddleston*, the court rejected the defendant's proportionate penalties argument. Citing the physical injuries inflicted under the battery statute and psychological injuries inflicted under the predatory-criminal-sexual-assault statute, the court determined that the two statutes did not share a common statutory purpose. *Huddleston*, 212 Ill. 2d at 146.

In the present case, the defendant had been convicted of violating section 11—9.1(a)(1) of the Criminal Code of 1961 (the Code) (720 ILCS 5/11—9.1(a)(1) (West 2000)). Section 11—9.1 provides in pertinent part as follows:

> "Any person commits sexual exploitation of a child if in the presence of a child and with intent or knowledge that a child would view his or her acts, that person:
> (1) engages in a sexual act[.]" 720 ILCS 5/11—9.1(a)(1) (West 2000).

Sexual exploitation of a child is included among the sex offenses contained in article 11 of the Code. See 720 ILCS 5/11—9.1 (West 2000). In seeking to proscribe specific acts of sexual conduct, the legislature, *inter alia*, sought to protect children from the advances of older and more mature individuals. See 720 ILCS Ann. 5/art. 11, Committee Comments—1961, at 388 (Smith-Hurd 2002). Thus the purpose of both the sexual-exploitation-of-a-child statute and the Act is to protect children from offenses of a sexual nature. See *Malchow*, 193 Ill. 2d at 420 (the Act creates an additional measure of protection for children from the increasing incidence of sexual assault and child abuse).

However, it is not sufficient for the cross-comparison test that both statutes have the protection of children in common. In *People v. Hill*, 199 Ill. 2d 440, 771 N.E.2d 374 (2002), our supreme court applied the first prong of the cross-comparison test to the home invasion statute (720 ILCS 5/12—11 (West 2000)). The court rejected the defendant's argument that the sentence enhancements to the statute violated the proportionate penalties clause, stating:

> "While one might properly conclude that the general purpose of the statute as a whole has not changed, we nevertheless find that the new firearms provisions serve a second, more specific purpose and target a unique type of danger. Given the pervasive and enhanced danger arising from an intruder's possession of a firearm,

the legislature's superior position to identify and address the evils of gun-related violence, and the presumptive constitutionality of a legislative enactment, we conclude that the purpose of subsections (a)(1) and (a)(2) are sufficiently distinct from that of subsection (a)(3) to make proportionality review inappropriate." *Hill*, 199 Ill. 2d at 458-59.

While both the Act and the sexual-exploitation-of-a-child statute have the protection of children in common, the Act has the additional and distinct purpose of tracking the movements of sexual offenders in order to prevent the recurrence of attacks on adults as well as children. Given this distinction, we will defer to the legislature's judgment in establishing the penalties for these offenses. See *People v. Borash*, 354 Ill. App. 3d 70, 77-79 (2004) (while noting that two statutes had child protection in common, the court held that the aggravated-criminal-sexual-abuse statute had a purpose distinct from the child pornography statute).

Since the Act and the sexual-exploitation-of-a-child statute have distinct purposes, cross-comparison review is inappropriate. Therefore, we do not reach the second prong of the cross-comparison test. See *Hill*, 199 Ill. 2d at 459.

We conclude that, as applied to the defendant, section 10 of the Act does not violate the proportionate penalties clause of the Illinois Constitution.

The judgment of the circuit court is affirmed.

Affirmed.

BURKE, P.J., and GARCIA, J., concur.