The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

John Timothy HARRISON,
Defendant–Appellant.

No. 04CA2678.

Colorado Court of Appeals,
Div. VI.

Feb. 8, 2007.

Certiorari Denied Aug. 27, 2007.

John W. Suthers, Attorney General, Paul Koehler, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Jami L. Vigil, LLC, Jami L. Vigil, Northglenn, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, John Timothy Harrison, appeals the trial court's order denying his Crim. P. 35 motion to vacate the four-year to life sentence imposed in connection with his conviction for sexual assault on a child by one in a position of trust. We affirm.

In his motion, defendant alleged that his sentence was illegal because, under Colorado's Sex Offender Lifetime Supervision Act, § 18–1.3–1001, et seq., C.R.S.2006 (the Act), an indeterminate sentence could not be imposed absent a finding that he would likely commit in the future an offense listed in the sexually violent predator provisions of § 18–3–414.5, C.R.S.2006. The trial court denied defendant's motion without a hearing.

■ The issue turns upon a question of statutory interpretation, which is a question of law subject to de novo review. *Hendricks v. People,* 10 P.3d 1231, 1235 (Colo.2000).

■ When the statutory language is clear and unambiguous, we interpret the statute as written without resort to interpretive rules and statutory construction. *People v. Sorrendino,* 37 P.3d 501, 503 (Colo.App.2001).

Section 18–1.3–1004(1)(a), C.R.S.2006, provides, "Except as otherwise provided in this subsection (1) and in subsection (2) of this section, the district court having jurisdiction *shall sentence* a sex offender to the custody of the department for an indeterminate term . . . ." (Emphasis added.)

Under § 18–1.3–1003(4), C.R.S.2006, " 'Sex offender' means a person who is convicted of or pleads guilty or nolo contendere to a sex offense. 'Sex offender' also means any person sentenced as a sex offender pursuant to section 18–1.3–1–004(4)."

For purposes of the Act, a "sex offense" is defined as one of fourteen enumerated inchoate or completed offenses. Section 18–1.3–1003(5), C.R.S.2006.

Section 18–1.3–1004(4)(a), C.R.S.2006, provides that the court *"may* sentence" (emphasis added) any person to an indeterminate sentence if (1) the person is convicted of one of nine specified offenses (none of which is listed in § 18–1.3–1003(5) ) and (2) an assessment of the person determines that the person is likely to commit one of the offenses listed, and under the circumstances identified, in the sexually violent predator provisions of § 18–3–414.5(1)(a)(II)–(III), C.R.S. 2006.

 We do not presume that the legislature used language idly. *People v. Sorrendino, supra.* When the words "shall" and "may" are given their commonly understood meaning, it is clear to us that indeterminate sentencing is mandatory in some circumstances, but discretionary in others. *See Pearson v. Dist. Court,* 924 P.2d 512, 516 (Colo.1996) ("The generally accepted and familiar meaning of 'shall' indicates that this term is mandatory."); *Fullerton v. County Court,* 124 P.3d 866, 868 (Colo.App.2005)(legislature's use of word "may" is indicative of a grant of discretion or choice among alternatives).

As we read the Act, indeterminate sentencing is (1) mandatory for the fourteen types of inchoate or completed offenses enumerated in § 18–1.3–1003(5), and (2) also appropriate, but only under certain circumstances (including the need for a sexually violent predator assessment), for nine other types of offenses specified in § 18–1.3–1004(4). *See* Robert J. Dieter, 15 *Colorado Practice: Criminal Practice & Procedure* § 20.19 (2d ed.2004)(the Act sets up two categories of offenders subject to indeterminate sentencing: indeterminate sentencing is automatic for one category, but not for the other); Philip Cherner, *Felony Sex Offender*

*Sentencing,* 33 Colo. Law. 11, 1112 (Dec. 2004) (Act requires mandatory indeterminate sentencing for certain offenses, including sexual assault on a child by one in a position of trust; for a second group of offenses, "so-called 'economic' sex crimes, such as trafficking in children," indeterminate sentencing is not automatic, but can be applied if the circumstances identified in § 18–1.3–1004(4) are met).

Because the offense for which defendant was convicted is one of the offenses enumerated in § 18–1.3–1003(5), and not one of the offenses specified in § 18–1.3–1004(4), we conclude that he was subject to mandatory indeterminate sentencing under the Act without need of a sexually violent predator assessment.

The order is affirmed.

Judge GRAHAM and Judge RUSSEL concur.