FARMERS INSURANCE EXCHANGE, as subrogor of Paul Murdoff, Sariah Murdoff, and Sheri Nisonger, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY and Jerry Goedert, Defendants–Appellees.

No. 06CA1399.

Colorado Court of Appeals,
Div. II.

Sept. 20, 2007.

Campbell, Latiolais & Ruebel, P.C., Colin C. Campbell, Allan R. Mena, Denver, Colorado, for Plaintiffs–Appellants.

Walberg, Dagner & Tucker, P.C., Wendelyn K. Walberg, Thomas J. Eigner, Centennial, Colorado, for Defendants–Appellees.

Opinion by Judge CASEBOLT.

In this action under the now repealed No–Fault Act, plaintiff, Farmers Insurance Exchange, appeals the summary judgment in favor of defendants, Allstate Insurance Company and Jerry Goedert (collectively Allstate). The issue is whether Goedert's Ford F–350 pickup truck, which has a rated load capacity in excess of 1500 pounds, qualifies as a "nonprivate passenger motor vehicle" within the meaning of the applicable statute. If so, Farmers would be allowed to bring a subrogation action against Goedert. Interpreting the statute, we conclude that the truck so qualifies, and therefore reverse and remand for further proceedings.

The underlying facts are undisputed. The vehicle in which Farmers' insureds were riding was struck from behind by a car that had in turn been struck by Goedert's pickup truck. At the time of the accident, Farmers' insurance policy provided personal injury protection (PIP) coverage. Pursuant to the policy, Farmers paid PIP benefits to its insureds.

Farmers then made a demand upon Goedert and Allstate, Goedert's insurance company, seeking to recover the benefits paid, asserting that they are obligated to reimburse Farmers pursuant to the former Colorado Auto Accident Reparations Act (No–Fault Act), Colo. Sess. Laws 1973, ch. 94, § 13–25–1, et seq., at 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Colo. Sess. Laws 2002, ch. 189, § 10–4–726 at 649). Specifically, Farmers asserted that it is entitled to recover under the former § 10–4–713(2)(a), which permits subrogation against at-fault operators of nonprivate passenger motor vehicles. When the demand was rejected, Farmers initiated this action.

Each party moved for summary judgment. Farmers asserted that Goedert's pickup truck is a "nonprivate passenger motor vehicle" because it exceeded the rated load capacity limit of 1500 pounds set forth in former § 10–4–713(2)(c). Allstate agreed that the rated load capacity of the truck exceeded the statutory limit, but argued that the pickup truck is nevertheless a "private passenger motor vehicle," primarily because it was not being used for a commercial purpose at the time of the accident.

The trial court agreed with Allstate, concluding that under the No–Fault Act "nonprivate passenger motor vehicle" is synonymous with "commercial vehicle," and because the pickup truck was not being used for a commercial purpose at the time of the accident, subrogation is not available. This appeal followed.

Farmers contends that Goedert's pickup truck is a "nonprivate passenger motor vehicle" because its rated load capacity exceeded 1500 pounds and, therefore, subrogation is permitted pursuant to the former § 10–4–713(2)(a). We agree.

We review a summary judgment de novo. When, as here, there are no genuine issues of material fact, summary judgment is proper upon a showing that the moving party is entitled to judgment as a matter of law. *See* C.R.C.P. 56(c); *McCormick v. Union Pac. Res. Co.*, 14 P.3d 346, 348 (Colo.2000).

Statutory interpretation is also a question of law that we review de novo. *Ryals v. St. Mary–Corwin Reg'l Med. Ctr.*, 10 P.3d 654, 659 (Colo.2000).

Our primary task in construing a statute is to give full effect to the intent of the General Assembly and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the statute's plain language. *Spahmer v. Gullette*, 113 P.3d 158, 162 (Colo.2005).

A statute must be read and considered as a whole and should be interpreted to give consistent, harmonious, and sensible effect to all its parts. *Allely v. City of Evans*, 124 P.3d 911, 912–13 (Colo.App.2005). "We give effect to every word and do not adopt a construction that renders any term superflu-

ous." *E–470 Pub. Highway Auth. v. Kortum Inv. Co.*, 121 P.3d 331, 333 (Colo.App.2005).

The former § 10–4–713(1) generally prohibits insurers that pay No–Fault Act benefits from asserting subrogation rights against tortfeasors. *See Farmers Ins. Exch. v. Bill Boom Inc.*, 961 P.2d 465, 468 (Colo.1998) (*Bill Boom*). However, the former § 10–4–713(2)(a) provides an exception to that prohibition as follows:

> (a) Notwithstanding the provisions of subsection (1) of this section, where a motor vehicle accident involves a private passenger motor vehicle ... and a nonprivate passenger motor vehicle, the insurer of the private passenger motor vehicle ... shall have a direct cause of action for all benefits actually paid by such insurer under [the No–Fault Act] against the owner, user, or operator of the nonprivate passenger motor vehicle.

The phrase "private passenger motor vehicle" is defined in the former § 10–4–713(2)(c) as "an automobile of the private passenger, station wagon, or camper type not used as a public or livery conveyance ... or an automobile of the panel delivery or truck type with a rated load capacity of one thousand five hundred pounds or less."

The term "nonprivate passenger motor vehicle" is not specifically defined in the statutory scheme. However, the term has been construed to mean "all motor vehicles not included within the statutory definition of 'private passenger motor vehicle.'" *Bill Boom*, 961 P.2d at 469. Thus, we must determine whether Goedert's pickup truck is a "private passenger motor vehicle" as defined by former § 10–4–713(2)(c).

The former § 10–4–713(2)(c) sets out two types of vehicles that may qualify as a "private passenger motor vehicle." The first is automobiles of the "private passenger, station wagon, or camper type," and the second is automobiles of the "panel delivery or truck type." We interpret the statute to create two categories of vehicles, only one of which includes the truck type. And for a truck to qualify as a private passenger vehicle, it must have a rated load capacity of 1500 pounds or less.

Arguing for a contrary interpretation, Allstate asserts that there are two means of identifying a "private passenger motor vehicle." The first is "an automobile of the private passenger ... type not used as a public or livery conveyance." The second is an automobile of the truck type (not necessarily of the private passenger type) which also meets the rated load capacity limitation. The latter would include commercial vehicles that have a small load capacity. Allstate asserts that Goedert's vehicle was his private passenger vehicle because he personally owned it and was using it for personal reasons when the accident occurred.

We do not agree with Allstate's interpretation that a truck may fall within the category of an automobile of the private passenger type merely because of private ownership. If ownership of a vehicle were the test, a commercial business could, for example, use a personal vehicle from one of its private owners and employ the vehicle totally in commercial pursuits, while nevertheless maintaining that no subrogation against it is permissible because the vehicle is "privately owned." This would defeat the purpose of the subrogation provision, which is to prevent a shift of commercial losses to insurers of private passenger vehicles from insurers of commercial vehicles. *Bill Boom*, 961 P.2d at 471–72.

In addition, Allstate's interpretation would have a pickup truck qualify as an automobile of the "private passenger type" while at the same time being an automobile of the "truck type." We perceive the statute to preclude inclusion of a truck type vehicle within the separate category of "private passenger vehicle." And to the extent the statute is ambiguous, such a construction would be supported under the doctrine of *expressio unius est exclusio alterius* (the inclusion of one thing implies the exclusion of another). *See City of Arvada v. Colo. Intergovernmental Risk Sharing Agency*, 19 P.3d 10, 13 n. 6 (Colo. 2001).

Allstate also relies on the legislative history cited in *Bill Boom* to support its position. There, the supreme court stated:

The legislative history reflects that the General Assembly created two classes of vehicles for purposes of subrogation availability: commercial vehicles and private passenger cars. Although the No–Fault Act does not use the term "commercial" vehicle, the legislature clearly intended the phrase nonprivate passenger motor vehicle to be synonymous with commercial vehicle for purposes of section 10–4–713(2).

961 P.2d at 472. Allstate argues that this statement mandates that there are only commercial and private passenger types of vehicles, and here, because the truck was not being used for commercial purposes, it therefore must be a private passenger vehicle.

While the General Assembly may have intended the phrase "nonprivate passenger motor vehicle" to be generally synonymous with "commercial vehicle," the General Assembly did not use the term "commercial" within the statutory definition, as noted in *Bill Boom*. Nor did the General Assembly indicate that the type of use of a vehicle at the time of the accident is the relevant inquiry. Instead, it provided that resolution of the issue turns on the type of auto, not the type of use. In doing so, it delineated a straightforward basis for defining one type of commercial vehicle in the plain language of the statute: trucks with a rated load capacity over 1500 pounds. Essentially, the General Assembly determined that the higher the load capacity of a truck, the more likely it would be used in a commercial manner.

Applying our interpretation here, we conclude that the Ford F350 pickup truck is quite literally an automobile of the "truck type." Given the plain language of the statute, this truck type vehicle can only qualify as a "private passenger motor vehicle" if it does not exceed a rated load capacity of 1500 pounds. Because it is undisputed that the truck exceeds the maximum rated load capacity, it is not a "private passenger motor vehicle" and, therefore, subrogation is permitted. Accordingly, the summary judgment in favor of Allstate cannot stand.

The judgment is reversed, and the case is remanded for further proceedings on Farmers' claim.

Judge ROMÁN and Judge KAPELKE * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.