Steven MAYO, Petitioner–Appellant,

v.

The PEOPLE of the State of Colorado, Respondent–Appellee.

No. 06CA2375.

Colorado Court of Appeals, Div. I.

March 6, 2008.

§ 24–51–1105, C.R.S.2007.

**1208**

John S. Tatum, P.C., John S. Tatum, Aurora, Colorado, for Petitioner–Appellant.

Donald Quick, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado, for Respondent–Appellee.

Opinion by Judge MÁRQUEZ.

Petitioner, Steven Mayo, appeals the trial court's order denying his petition to discontinue sex offender registration and Internet posting and to enter a declaratory judgment that he is not required to register as a sex offender under Colorado law. We affirm.

Mayo was indicted in Illinois for an offense which if committed in Colorado would be a crime of sexual assault on a child. After stipulating to the state's evidence, he was remanded to the Illinois Department of Corrections (DOC) under a civil commitment procedure. He was later discharged, and the indictment was quashed, but he was required to register under the Illinois sex offender registration statute. He then moved to Colorado. The question here is whether he must register as a sex offender in Colorado. We conclude that he must register.

### I. Background

In 1988, Mayo was indicted in Illinois for aggravated criminal sexual assault on a person alleged to be under the age of thirteen years. According to an order from the Illinois court dated March 13, 1989, a hearing was held on the state's petition to have Mayo declared a sexually dangerous person pursuant to the Illinois Sexually Dangerous Persons Act (SDPA), 725 Ill. Comp. Stat. 205/0.01 to 205/12 (2007) (formerly Ill.Rev. Stat.1991, ch. 38, ¶¶ 105 to 105–12; transferred from Ill.Rev.Stat.1961, ch. 38, ¶¶ 820.01 to 825e). The order states that Mayo waived his right to a jury trial and

stipulated to the reports of two psychiatrists and the state's evidence.

Following the stipulated evidence, the Illinois trial court found that Mayo (1) had a mental disorder that had existed for a period of not less than one year, (2) had criminal propensities to the commission of sex offenses, and (3) demonstrated propensities toward acts of sexual assault or sexual molestation of children. The court did not specify what act demonstrated Mayo's propensity, and the record contains no transcript of the hearing. The court ordered Mayo remanded to the custody of the Illinois DOC, appointed the Director of Corrections (Director) as Mayo's guardian pursuant to 725 Ill. Comp. Stat. 205/8 (2007), and dismissed the indictment on the state's motion.

According to an August 1995 Illinois court order, Mayo filed an application for recovery, and a hearing was held. The court found that Mayo no longer appeared to be dangerous but it could not determine that he had fully recovered. Mayo was permitted to go at large subject to certain conditions and supervision by the Director.

In 2001, Mayo filed a petition for termination of release conditions pursuant to 725 Ill. Comp. Stat. 205/9 (2007). Following a hearing in 2002 and as case law at the time required, *see People v. Trainor,* 196 Ill.2d 318, 256 Ill.Dec. 813, 752 N.E.2d 1055, 1065 (2001), the court found that the state had not met its burden of proving beyond a reasonable doubt that Mayo was still a sexually dangerous person. (As amended, the statute, 725 Ill. Comp. Stat. 205/9(a), (b), (e) (2007), now requires the state to show this by clear and convincing evidence.) The court ordered Mayo unconditionally discharged, quashed the original indictment, and sealed the report pursuant to section 205/9. It is undisputed that Mayo is still required to register for life under the Illinois Sex Offender Registration Act, 730 Ill. Comp. Stat. 150/7 (2007) (formerly Ill.Rev.Stat.1991, ch. 38, ¶ 227).

Mayo relocated to Colorado in approximately May 2002, has continued to register in Colorado with the proper municipalities pursuant to the Colorado Sex Offender Registration Act, §§ 16–22–101 to –115, C.R.S. 2007, and has complied with other notice provisions of the Illinois registration act.

In February 2006, pursuant to section 16–22–113(2)(a), C.R.S.2007, Mayo informed the following agencies by certified mail of his intent to file a petition to discontinue the sex offender registration and Internet posting required in Colorado: Office of the District Attorney, Seventeenth Judicial District, Colorado; Northglenn Police Department, Colorado; Peoria County State's Attorney, Illinois; and the Illinois State Police. Two weeks later, Mayo filed his petition to discontinue sex offender registration and Internet posting or for declaratory judgment in the Adams County District Court in Colorado. Only the district attorney filed a trial brief and appeared at the hearing.

Mayo contended that he was entitled either to an order discontinuing any sex offender registration requirement in Colorado pursuant to section 16–22–113, C.R.S.2007, and Internet posting pursuant to section 16–22–111, C.R.S.2007, or to a declaratory judgment decreeing that he was not subject to sex offender registration under the laws of Colorado and thus Internet posting would not be applicable. He argued that (1) he had not been convicted of an unlawful sexual offense in Colorado as defined in section 16–22–103, C.R.S.2007, or in Illinois; (2) Colorado does not have statutory provisions for a civil commitment and does not impose any sex offender registration requirements upon residents as a result of civil commitment; and (3) the only lifetime reporting requirements mandated by Colorado are for sexually violent predators "convicted" as adults of certain sexual offenses, *see* § 16–22–108(1)(d)(I), C.R.S.2007, and this provision does not apply to him.

Alternatively, Mayo argued that if the trial court disagreed with his interpretation of Colorado law, his civil commitment could only be analogous to a deferred judgment and sentence that had been dismissed, and that he would still be eligible for an order to discontinue registration. In support, he argued that (1) his Illinois case was dismissed in 2002 when he was unconditionally discharged; (2) he had not subsequently been

convicted of any unlawful sexual offense; (3) the Illinois court determined he was not a dangerous person as of August 1995 and discharged him from his custodial commitment; (4) he has received thousands of hours of therapy, has received determinations of his rehabilitation, and has cooperated with all pertinent agencies; and (5) he is not a danger or threat to the public.

In a verbal order, the Colorado trial court determined that the Illinois civil commitment was the functional equivalent of a deferred judgment, compared the two states' statutes, and found that a person civilly committed in Illinois would have the responsibility to register in Colorado. At the request of his counsel, the court gave Mayo sixty days to file a supplemental petition and request a hearing for removal from the sex offender registration requirement as provided by Colorado statute.

Three months later, the trial court entered a written order finding, among other things, that Mayo (1) had been indicted for an offense in Illinois substantially similar to the offense of sexual assault on a child under the Colorado criminal code, (2) was civilly committed pursuant to the SDPA, (3) was unconditionally released from civil commitment under the SDPA, and (4) relocated to Colorado where he has registered as a sex offender for all times relevant to the proceeding. The court also found that the mere fact that the Illinois statute places a civil label on its proceedings is not dispositive and that the Colorado registration statute "refers to various circumstances where persons must register as sex offenders that may not traditionally be considered 'conviction,' such as ... a deferred judgment and sentence." It found that his commitment and subsequent unconditional release were "the functional equivalent of a deferred judgment and sentence under Colorado law" and that Mayo must register pursuant to the Colorado Sex Offender Registration Act. The court denied with prejudice Mayo's claim to discontinue sex offender registration and for declaratory judgment, and, because Mayo failed to file his supplemental petition, denied without prejudice his alternative request to discontinue sex offender registration on the ground

that he was rehabilitated. Mayo appeals this order.

## II. Registration Requirements

Mayo contends that the court erred in denying his petition to discontinue sex offender registration and Internet posting in violation of the Colorado Sex Offender Registration Act. We disagree.

### A. Standard of Review

The question of statutory interpretation is a question of law subject to de novo review. *People v. Harrison,* 165 P.3d 859, 859 (Colo. App.2007). Our primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute. *Arnold v. Colo. Dep't of Corr.,* 978 P.2d 149, 151 (Colo.App. 1999). When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules and statutory construction. *Jones v. Cox,* 828 P.2d 218, 221 (Colo. 1992). Courts should give effect to all parts of the statute and avoid constructions that would render a part of the statute meaningless. *People v. Terry,* 791 P.2d 374, 376 (Colo.1990). Courts must not follow a construction that would lead to an absurd result. *Town of Erie v. Eason,* 18 P.3d 1271, 1276 (Colo.2001).

### B. Civil Commitment and Registration in Illinois

Before the Colorado trial court, Mayo's counsel noted that there are some differences in the current SDPA and the version in 1989 when Mayo was adjudicated, but they did not appear materially different. In his brief on appeal, Mayo notes that the registration provision of the Illinois statute was changed in or about 1997, but does not contend that the earlier version applies to him. Therefore, we refer only to the current Illinois statutes.

Under the SDPA, the state may seek an involuntary, indeterminate commitment in lieu of a criminal prosecution if a defendant is charged with a criminal offense and is believed to be sexually dangerous. 725 Ill. Comp. Stat. 205/3 (2007); *People v. Burns,* 209 Ill.2d 551, 283 Ill.Dec. 914, 809 N.E.2d

107, 110 (2004); *People v. Trainor*, 256 Ill. Dec. 813, 752 N.E.2d at 1060.

Sexually dangerous persons are defined in the SDPA as

[a]ll persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year immediately prior to the filing of the petition ... coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children.

725 Ill. Comp. Stat. 205/1.01 (2007).

To satisfy the demonstrated propensities element under the SDPA, the state must prove the defendant committed or attempted at least one act of sexual assault or molestation. *People v. Lawton*, 212 Ill.2d 285, 288 Ill.Dec. 638, 818 N.E.2d 326, 337 (2004); *People v. Allen*, 107 Ill.2d 91, 89 Ill.Dec. 847, 481 N.E.2d 690, 697 (1985), *aff'd sub nom. Allen v. Illinois*, 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986).

The commitment process begins when the Attorney General or State's Attorney files a petition in writing, with the clerk of court in the same proceeding where the defendant is charged with a criminal offense, setting forth facts tending to show that the defendant is a sexually dangerous person. § 205/3. After the filing of the petition, the trial court must appoint two qualified psychiatrists to make a personal examination of the defendant, and the psychiatrists must file a report in writing with the court. 725 Ill. Comp. Stat. 205/4 (2007).

Under the SDPA, the burden of proof to commit a defendant as a sexually dangerous person to confinement "shall be the standard of proof required in criminal proceedings of proof beyond a reasonable doubt." 725 Ill. Comp. Stat. 205/3.01 (2007); *Allen v. Illinois*, 478 U.S. at 371, 106 S.Ct. 2988 (at the conclusion of the hearing, the trier of fact must determine whether the state has proved the defendant's sexual dangerousness beyond a reasonable doubt) (citing *People v. Pembrock*, 62 Ill.2d 317, 342 N.E.2d 28 (1976)); *People v. Trainor*, 256 Ill.Dec. 813, 752 N.E.2d at 1061.

If the defendant is found to be a sexually dangerous person, the court appoints the Director as guardian, and the defendant is committed to the Director's custody. § 205/8. The Director may place the defendant in any facility in the DOC or portion thereof set aside for the care and treatment of sexually dangerous persons. *Id.*

The defendant may file at any time an application showing that he or she has recovered and is requesting release. § 205/9(a); *People v. Trainor*, 256 Ill.Dec. 813, 752 N.E.2d at 1062. Upon filing of the application, the psychiatrist, sociologist, psychologist, and warden of the institution where the defendant is confined must prepare a sociopsychiatric report concerning the defendant, and the court must set a hearing on the application. § 205/9(a); *People v. Trainor*, 256 Ill.Dec. 813, 752 N.E.2d at 1062. The Attorney General or State's Attorney who filed the original petition shall represent the state. § 205/9(b). If the defendant is found to be no longer dangerous, the court shall order the defendant discharged. § 205/9(e). If the court finds that the defendant appears no longer to be dangerous but that "it is impossible to determine with certainty ... that such person has fully recovered, the court shall enter an order permitting such person to go at large subject to certain conditions." *Id.*

The underlying charges remain until the defendant is successfully treated, at which time the SDPA mandates that those underlying charges be dismissed and all outstanding informations and indictments, which were the basis for the commitment, shall be quashed. *Id.; People v. Galba*, 273 Ill.App.3d 95, 209 Ill.Dec. 860, 652 N.E.2d 400, 405 (1995). However, if the defendant is conditionally released and violates the conditions of the release, the court shall revoke the conditional release and recommit him or her pursuant to the terms of the original commitment. § 205/9(e).

Proceedings under the SDPA are civil in nature. § 205/3.01; *Allen v. Illinois*, 478 U.S. at 370, 106 S.Ct. 2988 (SDPA does not appear to promote either of "the traditional aims of punishment—retribution and deterrence" and is essentially civil in nature (quot-

ing *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)) ); *see People v. Galba,* 209 Ill.Dec. 860, 652 N.E.2d at 405.

Pursuant to the Illinois Sex Offender Registration Act, a sex offender includes any person who is "certified as a sexually dangerous person pursuant to [the SDPA]." 730 Ill. Comp. Stat. 150/2(A)(2) (2007). Such a person has a duty to register with the chief of police in the municipality in which he or she resides or with the sheriff in the county in which he or she resides if in an unincorporated area or no police chief exists. 730 Ill. Comp. Stat. 150/3(a)(1)-(2) (2007). Both the court and the institution or facility in which the defendant was committed have a duty to inform "any person who must register that if he or she establishes a residence outside of the State of Illinois ... he or she must register in the new state within 5 days after establishing the residence." 730 Ill. Comp. Stat. 150/5, 150/5–5 (2007). A person who has been adjudicated to be sexually dangerous and is later released or found to be no longer sexually dangerous and discharged shall register for the period of his or her natural life. § 150/7.

The purpose of the Illinois Sex Offender Registration Act is to aid law enforcement by facilitating ready access to information about sex offenders and, therefore, to protect the public. *People v. Johnson,* 225 Ill.2d 573, 312 Ill.Dec. 350, 870 N.E.2d 415, 422 (2007); *see People v. Bonner,* 356 Ill.App.3d 386, 292 Ill.Dec. 303, 826 N.E.2d 444, 447 (2005) (protection of public, rather than punishing sex offenders, is intent of sex offender registration) (citing *People v. Malchow,* 193 Ill.2d 413, 250 Ill.Dec. 670, 739 N.E.2d 433 (2000)).

### C. Colorado Sex Offender Registration Requirements

The provisions of the Colorado Sex Offender Registration Act are set forth in sections 16–22–101 to –115. Much like in Illinois, the Colorado General Assembly has found that "the public must have access to information concerning persons convicted of offenses involving unlawful sexual behavior ... to allow them to adequately protect themselves and their children from these persons," but did

not intend that "the information be used to inflict retribution or additional punishment" on these persons. § 16–22–112(1), C.R.S. 2007; *see People v. Stead,* 66 P.3d 117, 120 (Colo.App.2002) (intent of General Assembly in enacting sex offender registration provisions is not to inflict additional punishment, but rather to aid law enforcement officials in investigating future sex crimes and to protect public safety); *see also* § 16–22–110(6)(a), C.R.S.2007.

The Colorado registration scheme differs from the Illinois scheme in certain respects. In Colorado,

> any person *convicted* of an offense in any other state or jurisdiction ... for which the person, as a result of the conviction, is required to register in the state or jurisdiction of conviction, or for which such person would be required to register if convicted in Colorado, shall be required to register in the manner specified in section 16–22–108, so long as such person is a temporary or permanent resident of Colorado. Such person may petition the court for an order that discontinues the requirement for registration in this state at the times specified in section 16–22–113 for offense classifications that are comparable to the classification of the offense for which the person was convicted in the other state or jurisdiction.

§ 16–22–103(3), C.R.S.2007 (emphasis added).

Section 16–22–108, C.R.S.2007, outlines the registration procedure for persons required to register pursuant to section 16–22–103. This section provides, among other things, that any person convicted of certain "offenses specified in subparagraph (II) of this paragraph (d)" must register for life, "except that, if the person receives a deferred judgment and sentence for one of the offenses specified in subparagraph (II) of this paragraph (d), the person may petition the court for discontinuation of the duty to register as provided in section 16–22–113(1)(d)." § 16–22–108(1)(d)(I). One of the offenses included in subparagraph II is sexual assault on a child in violation of section 18–3–405, C.R.S. 2007. § 16–22–108(1)(d)(II)(A), C.R.S.2007.

The registration statute defines "convicted" or "conviction" as "having received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or having received a deferred judgment and sentence or a deferred adjudication." § 16–22–102(3), C.R.S.2007.

### D. Requirement to Register in Colorado

Mayo asserts the Colorado General Assembly did not include civil commitment judgments in the class of cases for which it mandated sex offender registration. We conclude that the trial court properly determined that Mayo must register in Colorado.

Section 16–22–103(3) requires registration in at least two circumstances: for "any person convicted of an offense in any other state" (1) "for which the person as a result of the conviction, is required to register in the state ... of conviction"; or (2) "for which such person would be required to register if convicted in Colorado." Here, Mayo meets both alternatives.

#### 1.

█ We first conclude that the Illinois commitment procedure satisfies the "convicted" requirement of the Colorado statutes.

The meaning of "conviction" may vary depending on the statute in which it is used. *People v. Hampton,* 876 P.2d 1236, 1239 (Colo.1994). As section 16–22–102(3) indicates, "conviction" or "convicted" can mean something less than a formal adjudication of guilt and sentence. *See generally People v. Allaire,* 843 P.2d 38, 41 (Colo.App.1992).

"Convicted" also includes a deferred judgment and sentence. Both the SDPA and Colorado's deferred sentencing statute require that the state charge a defendant with a crime before the procedures in the respective statutes can be utilized. § 205/3; § 18–1.3–102(2), C.R.S.2007. The proceedings under both statutes occur in the same proceeding where the defendant is charged and allow for providing treatment for certain persons. §§ 205/3, 205/8; § 18–1.3–204, C.R.S.2007.

The deferred sentencing statute in Colorado provides in relevant part:

Prior to the entry of a plea of guilty to be followed by deferred judgment and sentence, the district attorney, in the course of plea discussion ... is authorized to enter into a written stipulation ... under which the defendant is obligated to adhere to such stipulation.... Upon full compliance with such conditions by the defendant, the plea of guilty previously entered shall be withdrawn and the charge upon which the judgment and sentence of the court was deferred shall be dismissed with prejudice. Such stipulation shall specifically provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea.

§ 18–1.3–102(2); *see People v. Nichols,* 140 P.3d 198, 200–01 (Colo.App.2006).

Under the Illinois SDPA, a trier of fact makes a finding beyond a reasonable doubt that an underlying sexual offense has occurred. § 205/3.01; *Allen v. Illinois,* 478 U.S. at 371, 106 S.Ct. 2988; *People v. Lawton,* 288 Ill.Dec. 638, 818 N.E.2d at 337. In Colorado, the court must make a finding of a defendant's guilt, and the Colorado deferred sentencing statute allows a defendant to enter a plea of guilty to the underlying offense and enter into a written stipulation with conditions similar to conditions of probation. § 18–1.3–102(2); *People v. Hastings,* 903 P.2d 23, 27 (Colo.App.1994) (under deferred sentence statute, guilt is determined by the acceptance of defendant's guilty plea).

Here, Mayo stipulated to the state's evidence in Illinois. He does not argue that the State of Illinois failed to meet its burden of proving he committed or attempted at least one act of sexual assault or molestation. *See People v. Lawton,* 288 Ill.Dec. 638, 818 N.E.2d at 337.

█ A person subject to a deferred judgment is supervised by the probation department. *People v. Manzanares,* 85 P.3d 604, 607 (Colo.App.2003) (citing § 18–1.3–102(1)–(2), C.R.S.2007). A trial court has broad discretion when imposing the conditions of a deferred judgment to ensure that the defendant will lead a law-abiding life and to assist

the defendant in doing so, and this discretion includes the ability to order offense specific treatment. *People v. Rockwell*, 125 P.3d 410, 420–21 (Colo.2005).

Both states' statutes also provide for dismissal of the underlying charges upon certain conditions. *See* § 205/9(a), (e). In Colorado, the dismissal occurs upon completion of the conditions of the deferred judgment stipulation, § 18–1.3–102(2), and no criminal sentence is imposed.

Mayo petitioned for release from his conditions, which the Illinois court granted and then quashed his original indictment and sealed the report. This is substantially similar to the dismissal of charges under the deferred sentencing statute upon compliance with the conditions imposed.

### 2.

■ We also conclude that Mayo is a person who is "required to register in the state of conviction" and is also a person who would be "required to register if convicted in Colorado."

In Illinois, a person who has been deemed a sexually dangerous person under the procedure in the SDPA must register for life pursuant to the Illinois registration act. § 150/7. And, it is undisputed that Mayo must register for life in Illinois.

In Colorado, a person who is convicted of sexual assault on a child under the age of fifteen, if the defendant is four years older than the victim, must register in Colorado as a sex offender. § 16–22–108(1)(d)(I). At the hearing in Colorado, Mayo's counsel stated, "We are not disputing that had the conduct for which Mr. Mayo was indicted, had he been, quote, convicted, in Illinois, it would have been essentially what we would define in Colorado as sexual assault on a child."

### 3.

■ Mayo nevertheless contends that the Illinois civil proceeding is without the full benefit of criminal due process protections. We conclude the Illinois proceeding provides ample due process protections.

Because the Illinois proceeding may result in deprivation of liberty and incarceration in the penitentiary for psychiatric treatment, the person must be accorded the essential protections available at a criminal trial. *People v. Trainor*, 256 Ill.Dec. 813, 752 N.E.2d at 1061; *People v. McVeay*, 302 Ill.App.3d 960, 235 Ill.Dec. 984, 706 N.E.2d 539, 543 (1999); *Potts v. People*, 80 Ill.App.2d 195, 224 N.E.2d 281, 283 (1967).

The burden of proof to commit a person under the SDPA is proof beyond a reasonable doubt, and the statute specifically allows for the person to demand a trial by jury and to be represented by counsel. 725 Ill. Comp. Stat. 205/5 (2007). In addition, "the right to due process entitles the defendant to the right to confront and cross-examine witnesses testifying against him [or her], the right against self-incrimination [at the hearing] and the right to a speedy trial." *People v. Trainor*, 256 Ill.Dec. 813, 752 N.E.2d at 1061. We acknowledge the right against self-incrimination does not extend to psychiatric interviews. *Allen v. Illinois*, 478 U.S. at 374, 106 S.Ct. 2988 (civil commitment proceedings determined to be not criminal within meaning of Fifth Amendment's guarantee against compulsory self-incrimination). Nevertheless, the state must prove that the person perpetrated at least one act of or attempt at sexual assault or sexual molestation. *People v. Lawton*, 288 Ill.Dec. 638, 818 N.E.2d at 337.

Mayo relies on the following language from the Supreme Court in *Allen v. Illinois*:

> Illinois has expressly provided that proceedings under the Act "shall be civil in nature," ¶ 105–3.01, indicating that when it files a petition against a person under the Act it intends to proceed in a nonpunitive, noncriminal manner, "without regard to the procedural protections and restrictions available in criminal prosecutions."

*Allen v. Illinois*, 478 U.S. at 368, 106 S.Ct. 2988 (quoting *United States v. Ward*, 448 U.S. 242, 249, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)). However, we do not read this statement as holding that the Illinois statute lacks due process protections.

In *People v. Allen*, the state had presented the testimony of two examining psychiatrists

over the defendant's objections. The Illinois Supreme Court determined:

> While the private interest involved in the instant proceeding is great, there are already numerous safeguards ensuring reliability, including the right to a jury trial, the requirement of proof beyond a reasonable doubt, and the right to confront witnesses. . . .
>
> We therefore [also] hold that a defendant's statements to a psychiatrist in a compulsory examination under the provisions here involved may not be used against him in any subsequent criminal proceedings.

*People v. Allen,* 89 Ill.Dec. 847, 481 N.E.2d at 695–96 (citations omitted).

Thus, the question in *Allen v. Illinois* was whether the proceedings under the Illinois act were criminal within the meaning of the Fifth Amendment's guarantee against compulsory self-incrimination. *Allen v. Illinois,* 478 U.S. at 366, 106 S.Ct. 2988. The United States Supreme Court rejected the petitioner's challenge to the Illinois Supreme Court's conclusion that the proceedings under the SDPA while "similar to criminal proceedings in that they are *accompanied by strict procedural safeguards,* are essentially civil in nature." *Allen v. Illinois,* 478 U.S. at 369, 106 S.Ct. 2988 (emphasis added).

Based on the foregoing, we conclude the Illinois civil commitment is the functional equivalent of "conviction" or "convicted" as those terms are defined in section 16–22–102(3) and that Mayo is required to register in Colorado under the Sex Offender Registration Act. This conclusion is consistent with the purposes of this statute, to aid law enforcement in identifying sex offenders and to protect the public.

While there is a procedure for being removed from the registration requirement in Colorado when a defendant has entered a deferred judgment and sentence, *see* § 16–22–113(1)(d), C.R.S.2007, such a petition was not before the trial court, and we do not address this issue. Because we have determined that Colorado law requires Mayo to register, we also do not address Mayo's contention that nothing in the full faith and credit doctrine authorizes Colorado to impose a duty upon him not imposed by Colorado law.

### III. Declaratory Judgment

In view of our disposition, we conclude that the trial court did not err in denying Mayo's request for a declaratory judgment. The order of the trial court is affirmed.

Judge ROMÁN concurs.

Judge RUSSEL dissents.

Judge RUSSEL dissenting.

The majority concludes that Steven Mayo must register as a sex offender because his civil commitment is the functional equivalent of a conviction. I respectfully disagree.

I recognize that the Illinois Sexually Dangerous Persons Act (SDPA) contains many procedural safeguards, and I accept that the State of Illinois satisfied the SDPA's requirements in establishing that Mayo committed or attempted an act of sexual assault or molestation. But I do not believe that this process yielded the functional equivalent of a criminal conviction. The SDPA's statutory features do not erase the fundamental constitutional differences between criminal and civil proceedings. *See Allen v. Illinois,* 478 U.S. 364, 106 S.Ct. 2988, 92 L.Ed.2d 296 (1986) (proceedings under the SDPA are not "criminal" within the meaning of the Fifth Amendment's privilege against compelled self-incrimination).

Even if Mayo's civil commitment were functionally equivalent to a conviction, it does not satisfy the governing definition. Section 16–22–102(3), C.R.S.2007, defines "conviction" by setting forth a list of qualifying events: "[H]aving received a verdict of guilty by a judge or jury, having pleaded guilty or nolo contendere, having received a disposition as a juvenile, having been adjudicated a juvenile delinquent, or having received a deferred judgment and sentence or a deferred adjudication." The list plainly does not include "civil commitment," even though the legislature is aware of civil commitment schemes. *See, e.g.,* § 12–43–303(2)(g), C.R.S. 2007 ("forensic psychology" includes application of science of psychology to "civil commit-

ment proceedings"). And the statute does not suggest that other events may constitute "conviction" if they are functionally equivalent to the enumerated items. *Cf.* § 7–90–102(43), C.R.S.2007 ("owner" includes "a person having an interest in any other entity that is functionally equivalent to an owner's interest").

Because the legislature omitted "civil commitment" from the list of items that constitute conviction, I conclude that Mayo is not required to register as a sex offender under the Colorado Sex Offender Registration Act. *See Farmers Ins. Exch. v. Allstate Ins. Co.,* 170 P.3d 847, 849 (Colo.App.2007) (employing the doctrine of *expressio unius est exclusio alterius*).